IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

In the matter of the seizure of:

$146,066 in United States currency.

Case No. 23-SW-00294-JAM

## AFFIDAVIT IN SUPPORT OF AN APPLICATION
## FOR A SEIZURE WARRANT

I, Miranda Conard, being first duly sworn, hereby depose and state as follows:

### Affiant's Background and Qualifications

1. I am a Special Agent (SA) with the Drug Enforcement Administration (DEA), and have been so employed since August 2019. During my employment in law enforcement I have initiated and participated in several investigations related to the possession and distribution of controlled substances. I have been involved in undercover purchases, controlled purchases, trash pulls, and the execution of search and arrest warrants. As a result, this affiant has arrested numerous individuals for violating State and Federal statutes regarding possession, manufacturing, and sales of controlled substances and weapons. I have interviewed numerous people who are both users and distributors of controlled substances, to include prescription drugs. I have attended and successfully completed training courses relating to narcotics investigations, including drug identification, surveillance and counter surveillance tactics, and the diversion of prescription-controlled substances. I have interviewed multiple people on the current communication methods of drug distributors

2. As a SA with DEA, I investigate violations of the Controlled Substances Act. I have received specialized training in the enforcement of federal narcotics laws. My training and

experience have involved, among other things, debriefing defendants, witnesses, and informants, as well as others who have knowledge regarding the distribution and transportation of controlled substances and laundering and concealment of proceeds of drug trafficking; surveillance; drug identification; undercover operations; legal aspects pertaining to drug investigations; asset forfeiture; and analysis of documentary and physical evidence. Based on my training and experience as a police officer and SA with DEA, I have become familiar with the manner in which narcotics traffickers conduct their drug-related business, including the methods employed by narcotics dealers to import and distribute narcotics, and the use of coded language to refer to narcotics, drug proceeds, and other aspects of narcotics trafficking

3. Based on my training and experience, I know that drug trafficking at the retail level is largely a cash business. I know that drug traffickers often generate large amounts of unexplained wealth, and through financial transactions, attempt to conceal, disguise or legitimize unlawful proceeds through domestic and international banks and their attendant services, securities brokers, professionals, such as attorneys and accountants, casinos, real estate, shell corporations and business fronts, and otherwise legitimate businesses which generate large quantities of currency. In addition, drug traffickers often use drug proceeds to purchase additional narcotics to perpetuate and promote the ongoing conspiracy.

## Purpose of Affidavit

4. I submit this affidavit in support of an application for a federal seizure warrant for approximately $146,066.00 in United States currency seized by Jackson County Drug Task Force officers (JCDTF) investigators on January 20, 2023, at 708 E. 139th Street, Kansas City, Missouri.

5. On May 31, 2023, Jackson County, Missouri, Circuit Court Judge Adam Caine ordered the $146,066 seized by JCDTF transferred to a federal law enforcement agency to pursue forfeiture of the property pursuant to federal law. *See* **Exhibit A**.

6. The seizure warrant is being requested to restart the clock for noticing in the federal administrative forfeiture proceedings, pursuant to 28 C.R.F. §8.9(c)(4).

7. Based on the facts set forth in this affidavit, I submit that probable cause exists to believe that the approximately $146,066 in United States currency was used or intended to be used to facilitate illegal drug distribution, in violation of 21 U.S.C. § 841, *et seq.*, and is subject to both civil and criminal forfeiture pursuant to 21 U.S.C. §§ 881(a)(6) and 853.

8. The information that forms my belief is below and is based on information provided to me by other law enforcement officers. Because this affidavit is submitted for the limited purpose of establishing probable cause to seize forfeitable property, not all of the information known to me about this investigation has been included in this affidavit.

**Summary of Facts**

9. State and federal law enforcement agencies, including the JCDTF, have since approximately January 2022 been investigating a drug trafficking organization operating in the Kansas City metropolitan area and elsewhere. TIGER DEAN DRAGGOO (**Draggoo**) is believed to be a member of this drug trafficking organization and is suspected of trafficking and distributing large quantities of narcotics in the Kansas City area to include fentanyl and marijuana. **Draggoo's** drug trafficking is believed to be responsible for at least five fentanyl overdose deaths in the Kansas City area.

10. On September 22, 2022, state law enforcement officers attempted to locate **Draggoo** at his apartment, 708 East 139th Street #203, Kansas City, Missouri, after witnessing

3

him in the passenger seat of a vehicle fleeing from a Jackson County Sheriff's Office deputy attempting to make a traffic stop of the vehicle for driving violations.

11. **Draggoo's** girlfriend and co-resident of the apartment, Shai'Ann WHITE, answered the apartment door and advised that **Draggoo** was not home. WHITE consented to the officers entering the apartment to confirm **Draggoo's** absence. While looking for **Draggoo** in the apartment, officers observed numerous firearms in plain view, large bundles of cash, and a strong odor of marijuana. Once it was determined that **Draggoo** was not present, officers asked for and received written consent from WHITE to search the entire apartment.

12. During the search of the residence, seventeen firearms, including two machineguns, were recovered along with ammunition of various calibers. In addition, approximately $246,769 in United States currency[1], a money counter, a ballistic vest with plates, numerous pills, including twenty-two possible counterfeit Percocet pills marked "M / 30", eight suspected LSD tabs, and marijuana were recovered. Subsequent testing by the Missouri State Highway Patrol Crime Laboratory of one of the "M / 30" pills confirmed that it contained fentanyl. WHITE told officers that the firearms, cash and pills in the apartment belonged to **Draggoo**.

13. On January 20, 2023, **Draggoo** was charged by criminal complaint in the Western District of Missouri, with one count of possession with intent to distribute fentanyl (21 U.S.C. §§ 841 (a)(1) and (b)(1)(C)), one count of possession of firearms in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)(i)), and possession of machineguns in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(B)(ii)), and one count of illegal possession of machineguns (18 U.S.C. §§ 922(o) and 924(a)(2)).

14. On January 20, 2023, the Honorable Lajuana M. Counts, United States

---

[1] A petition seeking to forfeit the $246,769 seized by state law enforcement on September 22, 2022, remains pending before the Circuit Court of Jackson County, Missouri.

Magistrate Judge, issued a warrant for **Draggoo's** arrest. Officers with the Kansas City Police Department Street Narcotics Unit Tactical Team (SNU/TAC) executed the warrant that evening at **Draggoo's** apartment, 708 East 139th Street #203, Kansas City, Missouri.

15. After SNU/TAC officers breached the apartment front door, a male H.R. was apprehended exiting at a rear door while carrying two clear plastic baggies containing a white powder substance later confirmed to contain fentanyl and cocaine.

16. **Draggoo** was located inside the apartment and detained without incident. WHITE also was inside the apartment and likewise detained without incident.

17. A search of **Draggoo's** person incident to arrest recovered a glass vial containing a white powder substance and $1,940 in United States currency.

18. **Draggoo** provided verbal and written consent to search the apartment. The search recovered, among other items:

- 4.4 grams psilocybin mushrooms
- 30 suspected counterfeit Percocet pills marked "M / 30"
- Ballistic vest
- ammunition of various calibers
- 30-round magazine for AR assault-style rifle
- Digital scale
- Empty pill capsules and empty pill bottles

19. The search also recovered $62,066 in United States currency from: a take-out food bag on the kitchen floor ($4,145), a computer desk ($179), laundry hampers ($2,695), the kitchen table ($40), and a shoe box ($54,998).

20. WHITE provided verbal and written consent to search her Jeep Renegade vehicle

5

parked in the apartment complex lot. The search recovered a backpack containing an additional $82,060 in United States currency.

21. WHITE agreed to speak with JCDTF officers during the residence search. She confirmed that her and **Draggoo** had resided at the apartment for approximately two years and were the only two permanent residents of the unit. She further disclosed that **Draggoo** is a drug dealer with no lawful source of income. Furthermore, WHITE stated, the backpack located in her vehicle was given to her the day prior by **Draggoo** to hide, and the $82,060 in United States currency located inside consisted entirely of proceeds from **Draggoo's** drug trafficking.

22. On January 21, 2023, JCDTF conducted an "in house" count of the seized United States currency, which yielded $146,066. Later, JCDTF deposited the money into Summit Ridge Credit Union, located at 3485 NE Ralph Powell Road, Lee's Summit, Missouri. Summit Ridge Credit Union also determined the total amount to be approximately $146,066 in United States currency.

23. On February 7, 2023, a grand jury in the Western District of Missouri indicted **Draggoo** on a three-count Indictment, charging him with one count of possession with intent to distribute fentanyl, in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(C); one count of possession of firearms in furtherance of a drug trafficking crime and possession of machineguns in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(B)(ii); and, one count of illegal possession of machineguns, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2).

24. On March 1, 2023, the Jackson County, Missouri, Prosecutor's Office sought judicial transfer of the funds seized by JCDTF to a federal law enforcement agency to pursue forfeiture of the property pursuant to federal law. *See* Case No. 2316-CV06532 (Circuit Court of

6

Case 4:23-sw-00294-JAM   Document 1-1   Filed 07/25/23   Page 6 of 9

Jackson County, Missouri). The Circuit Court ordered transfer on May 31, 2023. **Exhibit A**.

25. This warrant seeks authority to seize the aforementioned drug proceeds seized on January 20, 2023, at 708 E. 139th Street, Kansas City, in Jackson County, Missouri. The proceeds are currently being held in the Jackson County Drug Task Force Criminal Forfeiture fund at Summit Ridge Credit Union.

26. Based upon the investigation thus far, investigators believe that prior to arrest on the federal arrest warrant **Draggoo** was distributing large quantities of fentanyl and marijuana in the Kansas City metropolitan area and surrounding region. Based on my training, experience, and knowledge of this investigation, I believe the currency seized from **Draggoo** and WHITE's residence and vehicle was furnished or intended to be furnished in exchange for a controlled substance, was proceeds traceable to such an exchange, or was used or intended to be used to facilitate the commission of illegal drug distribution in violation of 21 U.S.C. § 841, *et seq.*

**Applicable Forfeiture and Seizure Provisions**

27. I am advised that in a forfeiture case, the government has the initial burden of showing probable cause to believe that a substantial connection exists between the property and the criminal activity (in this case, possession and distribution of a controlled substance or controlled analogue, in violation of 21 U.S.C. § 841. *United States v. $141,770.00 in U.S. Currency*, 157 F.3d 600, 603 (8th Cir. 1998). "Probable cause" means a reasonable ground for belief beyond mere suspicion but need not amount to *prima facie* proof. *Id*. at 603. In making the probable cause determination, courts may consider even information that might be inadmissible hearsay at trial.

28. I am further advised that 21 U.S.C. § 853(f) authorizes the issuance of seizure warrants for criminal forfeitures. Furthermore, 21 U.S.C. § 853(a)(1) subjects to criminal

7

forfeiture any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of violating federal narcotics laws and § 853(a)(2) provides for forfeiture of facilitating property. A seizure warrant is sought because, as set forth herein, a restraining order would not be sufficient to assure the availability of this asset for forfeiture.

29. I am also advised that 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(B) and (b)(3) authorize the issuance of seizure warrants for civil forfeitures. Moreover, 21 U.S.C. § 881(a)(6) provides for forfeiture of money furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all money used or intended to be used to facilitate a violating of Sub-Chapter II of Chapter 13, Title 21.

30. Finally, I am advised that "a seizure warrant may be issued pursuant to this subsection by a judicial officer in any district in which a forfeiture action against the property may be filed under section 1355(b) of title 28." 18 U.S.C. § 981(b)(3). Further, "[i]n addition to the venue provided for in section 1395 of title 28 or any other provision of law, in the case of property of a defendant charged with a violation that is the basis for forfeiture of the property under this section, a proceeding for forfeiture under this section may be brought in the judicial district in which the defendant owning such property is found or in the judicial district in which the criminal prosecution is brought." 18 U.S.C § 981(h).

## Conclusion

31. Based on the facts and reasonable inferences set forth in this affidavit, I respectfully submit that there is probable cause to believe the $146,066 in United States currency constitutes proceeds of and or facilitated a violation of Title 21, United States Code, Section 841 and as such should be seized pursuant to Title 21, United States Code, Sections 853(a)(1), (a)(2) and 881(a)(6).

The foregoing is true and correct to the best of my information and belief.

_____
Miranda A Conard
Special Agent
Drug Enforcement Administration

Subscribed and sworn to me telephonically this 25th day of July 2023. At 12:41 p.m.

_____
Honorable Jill A. Morris
United States Magistrate Judge